IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLYNIS BETHEL,                          :

    Petitioner,                       :

v.                                      :
                           CIVIL ACTION 06-0706-KD-M
RUSSELL WATSON, et al.,                 :

    Respondent.                       :


<u>REPORT AND RECOMMENDATION</u>


This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed, without prejudice, so that Petitioner can exhaust her State remedies.

On February 2, 2006, Petitioner was found guilty, in the Loxley Municipal Court, of four counts of reckless endangerment and one count each of reckless driving and attempting to elude a police officer (Doc. 11, pp. 1-2 and Attachment; *cf*. Doc. 4[1]). Appeal was immediately made to the Baldwin County Circuit Court (*see* Doc. 11, pp. 1-2; *see also* Doc. 4, p. 3).  Bethel also filed

---

[1]The Court notes that Petitioner has not been forthright in completing the habeas petition, so much of the information has been provided in Respondent's Answer.

an appeal with the Alabama Court of Criminal Appeals (Doc. 4, p. 3).[2]  Petitioner filed a complaint with this Court on October 20, 2006, raising numerous claims[3] which will not be set out herein (*see* Docs. 1, 4).

Respondent has answered the petition, asserting that Petitioner has brought this action prematurely as she still has State remedies available to her (Doc. 11, pp. 3-5).  More pointedly, Respondent asserts that the direct appeal of the convictions is presently before the Baldwin County Circuit Court, waiting for its dispensation (*id.*).

The Eleventh Circuit Court of Appeals has addressed this issue as follows:

> A federal court will not grant habeas corpus relief to a person held in custody pursuant to a state court judgment unless it appears that the applicant has exhausted remedies available to [her] in the state courts. *Bufalino v. Reno*, 613 F.2d 568, 670 (5th Cir. 1980); 28 U.S.C. § 2254(b) (1976). The exhaustion requirement, however, does not require the prisoner to seek collateral review from the state judiciary of the same issues already raised on direct appeal. *Cobb v. Wainwright*, 666 F.2d 966, 969 n.3 (5th Cir.), *cert. denied*, --- U.S. ---, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982); *Burton v. Oliver*, 599 F.2d 49, 50 (5th Cir. 1979).

---

[2]Respondent indicated that this appeal "was premature because the cases are still pending in the Baldwin County Circuit Court" (Doc. 11, p. 2).  The Court notes that Respondent filed no exhibits to support this assertion.

[3]The Court has counted a minimum of fourteen claims, though many of them are made up of contiguous and interloping parts of other claims (*see* Doc. 4).

*Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982).  "The Supreme Court has held that the exhaustion requirement is met when an issue is properly presented to a state tribunal, regardless of how fully that body considers the claim." *Brand v. Lewis*, 784 F.2d 1515 (11th Cir. 1986)[4] (*citing Picard v. Connor*, 404 U.S. 270, 275-76 (1971)).

Alabama law provides for direct appeal of a municipal court conviction "to the circuit court for a trial de novo." Ala.R.Crim.P. 30.1(a).  Bethel admits that she has appealed her convictions to the Baldwin County Circuit Court (Doc. 4, p. 3); that court, however, has apparently not issued a decision.

Petitioner has replied to Respondent's assertion of non-exhaustion by casting aspersions and name-calling (Doc. 13).  The Court, however, finds nothing there to substantiate her assertion that the Loxley proceedings were irrelevant and improper. Furthermore, Bethel has failed to instruct this Court as to why she should not have to exhaust her State remedies before proceeding in this Court; the Court, in its own research, has found nothing applicable either.

---

[4]The Eleventh Circuit Court of Appeals, in *Footman v. Singletary*, 978 F.2d 1207, 1210 (11th Cir.1992), held that the United States Supreme Court, in *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 7-10 (1992), had effectively overruled *Brand*.  That overruling, however, dealt with the issue of whether an appellate court could entertain several particular ineffective assistance of counsel claims when all particulars of that claim had not been raised in the state courts; it has no effect on this action.  *See Footman*, 978 F.2d at 1210.

Therefore, after a thorough review of the record, the Court finds that Respondent is correct in asserting that Petitioner has failed to exhaust State remedies yet available to her.  For that reason, it is recommended that this action be dismissed, without prejudice, so that Petitioner can exhaust her State remedies.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the

objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 9th day of March, 2007.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

5